IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Appellee | ) | |
| | ) | |
| v. | ) | No.   14-4628 |
| | ) | |
| THOMAS DAVID STEINER, | ) | |
|     Appellant | ) | |

**UNOPPOSED MOTION FOR SUMMARY ACTION FOLLOWING THE UNITED STATES SUPREME COURT'S ORDER GRANTING MR. STEINER'S PETITION FOR WRIT OF *CERTIORARI*, VACATING THE JUDGMENT, AND REMANDING FOR FURTHER CONSIDERATION IN LIGHT OF
*MATHIS V. UNITED STATES*, 579 U.S. __ (2016)**

And now comes the Appellant, Thomas David Steiner, and respectfully files this unopposed Motion for Summary Action Pursuant to Third Circuit Local Rule 27.4 and I.O.P. 10.6, following the United States Supreme Court's Order Granting Mr. Steiner's Petition for Writ of Certiorari, Vacating Judgment, and Remanding for Further Consideration in Light of *Mathis v. United States*, 579 U.S. __ (2016). Mr. Steiner respectfully requests that this Court summarily vacate the judgment and remand to the district court for an expedited sentencing given that under *Mathis,* the elements of Pennsylvania's indivisible burglary statute sweep more broadly than the generic enumerated

offense of "burglary of a dwelling," and a conviction for Pennsylvania burglary is therefore categorically not a "crime of violence" under U.S.S.G. § 2K2.1.

Alternatively, Mr. Steiner respectfully requests that this Court allow supplemental briefing on the impact of *Mathis* on his case.

1.  Following a trial in the United States District Court for the Western District of Pennsylvania, a jury acquitted Thomas Steiner of possessing a shotgun found in a camper but convicted him under a constructive possession theory of possessing pieces of ammunition found in the basement area of a residence he previously owned. *See* 18 U.S.C. § 922(g).

2.  At sentencing, the district court determined that Mr. Steiner's 1993 conviction for Pennsylvania burglary qualified as a conviction for the Guidelines enumerated offense of "burglary of a dwelling," a "crime of violence" under U.S.S.G. § 4B1.2. That determination subjected Mr. Steiner to an offense level 20, rather than 14, under U.S.S.G. § 2K2.1(a)(4)(A). *See* U.S.S.G. § 4B1.2(a) (defining "crime of violence" to include "*burglary of a dwelling*"). Applying offense level 20 and criminal history category VI, resulted in a guidelines range

of 70 to 87 months, and the sentencing court imposed a within guideline sentence of 87 months.

3. Pennsylvania's burglary statute provided, "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa. C.S. § 3502 (1992 ed.). "Occupied structure" is defined as "[a]ny structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." 18 Pa. C.S. § 3501.

4. The government below agreed the elements of Pennsylvania burglary are broader than the enumerated offense of burglary; the statute reaches entry of places that are neither buildings nor "dwellings." But, at the time of sentencing, the government argued (1) the statute is "divisible" simply because it contains alternative phrasing (through use of the word "or"), and (2) *Shepard* documents could therefore be consulted to ascertain Mr. Steiner "committed" the offense in a way that conforms to the definition of generic burglary. (*See United*

*States v. Steiner*, Case 2:11-cr-00089 Document 146 (W.D.Pa., filed July 24, 2014). In particular, the government pointed to a transcript of the state court guilty plea colloquy wherein Mr. Steiner admitted entering his parents' home:

> THE COURT: Mr. Steiner, at 505 of '93 it's alleged that between August 21 and 23 of 1992, you entered a building belonging to one Richard and Leila Steiner of Fayette City. Some relatives?
>
> THE DEFENDANT: Parents, Your Honor. . . .
>
> THE COURT: You entered their home?
>
> THE DEFENDANT: Yes, sir.

*Id.*

5.  On June 23, 2016, after this Court issued its opinion affirming the judgment in Mr. Steiner's case, the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Mathis* makes clear (1) a past conviction can qualify as an ACCA predicate only if its "*elements* are the same as, or narrower than," those of the generic offense, (2) elements are only those facts the jury must find unanimously and beyond a reasonable doubt, and (3) the requirement of an elemental match applies equally to a statute listing alternative means of satisfying an element. *Mathis*, 136 S. Ct. at 2248-50.

6. Following *Mathis*, Pennsylvania burglary is categorically not a conviction for a crime of violence. *See generally Mathis*, 136 S. Ct. at 2263 (Breyer, J., dissenting) (Justice Breyer identifying Pennsylvania's burglary statute as "look[ing] very much like the Iowa statute…" at issue in *Mathis*).

7. It is undisputed that the elements of Pennsylvania's burglary statute cover a broader swath of conduct than the elements of generic burglary of a dwelling, *see United States v. Bennett*, 100 F.3d 1105 (3d Cir. 1996) (explaining Pennsylvania burglary is broader than generic burglary because it is not restricted to buildings but reaches entry of "any vehicle adapted for overnight accommodations or for business" as well as "*any* place adapted for 'carrying on business,' … extend[ing] to businesses, which are not always confined to structures made up of walls and a roof, the same protection from intrusion it afforded to dwellings, which traditionally are within buildings'"; thus Pennsylvania burglary reaches "unlawful entry into a yard where commercial activity occurs"); Gov't Resp. to Sentencing Briefs, *United States v. Steiner*, No. 2:11-cr-0089 Document 146, at 6 (W.D.Pa.) (agreeing Pennsylvania burglary is broader than generic burglary but

arguing it qualified as a crime of violence based on a consideration of the underlying facts; arguing in the alternative that Pennsylvania burglary satisfied residual clause), because the statute never requires entry of a dwelling and reaches places other than dwellings (*e.g.*, food trucks, booths, and outdoor commercial storage yards). *See Commonwealth v. McCoy*, 228 A.2d 43 (Pa. Super. 1967) (explaining Pennsylvania's common law concept of burglary has been considerably expanded by statute to reach structures other than dwellings). *See also Commonwealth v. Majeed*, 694 A.2d 336 (Pa. 1997) (noting that Pennsylvania's burglary statute applies broadly to any building or occupied structure, not just dwelling places).

8.  Authoritative Pennsylvania case law establishes that the alternative locations set forth in Pennsylvania's burglary statute are not "alternative elements, going toward the creation of separate crimes" but "alternative ways of satisfying a single locational element" because jurors need not agree whether the burgled location was a generic building (or dwelling) or some other non-generic place or vehicle. *Mathis*, 136 S. Ct. at 2250. *See, e.g., Commonwealth v. Graham*, 9 A.3d 196, 201 (Pa. 2010) (holding that a burglary conviction does not reflect a

finding by the jury beyond a reasonable doubt regarding the place entered because the jury charge permits a verdict of guilt "so long as the jury found the structure in question to be either a 'building' **or** an 'occupied structure.'").

9. Thus, a conviction for Pennsylvania burglary is categorically not a conviction for a crime of violence and cannot serve as a predicate offense under § 2K2.1(a) "even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248. *See United States v. Evans*, No. 1:02-cr-00001, 2015 WL 9480097, at *3 (W.D. Pa. Dec. 29, 2015) (explaining the Pennsylvania burglary statute does not require, as an element, the entry of a "dwelling").

10. Mr. Steiner filed a petition for writ of certiorari arguing "that the district court erred by applying the 'modified categorical approach' in classifying his prior state conviction as a qualifying offense under the Sentencing Guidelines because the statute that formed the basis for his prior conviction does not set forth alternative elements of the offense and is thus not divisible." Memorandum for the United

States, S. Ct. No. 16-5660, filed October 14, 2016 (summarizing petitioner's argument).

11. The Solicitor General filed a memorandum agreeing that the following *Mathis'* holding that the modified categorical approach may not be applied when a statute sets out alternative means of committing the offense and not alternative elements, the appropriate disposition is to grant the certiorari, vacate the judgment of the Court of appeals, and remand the case for further consideration in light of *Mathis*. *Id.* at 1-2.

12. The Supreme Court thereafter entered an order granting Mr. Steiner's petition for writ of certiorari, vacating judgment, and remanding for further consideration in light of *Mathis v. United States*, 579 U.S. __ (2016). *Steiner v. United States*, S. Ct. No. 16-5660 (November 28, 2016).

13. The mandate has now issued.

14. Following *Mathis*, the appropriate remedy is to remand the case to the district court for sentencing without application of the "crime of violence" enhancement under § 2K2.1 based on the burglary conviction.

15. Notably, amendments to the Sentencing Guidelines effective August 1, 2016, eliminated "burglary of a dwelling" as an enumerated, predicate offense. *See* U.S. Sentencing Guidelines Manual app. C, amend. 802, at 149-50 (U.S. Sentencing Comm'n 2016).

16. Without the Guidelines enhancement for "burglary of a dwelling", the guidelines range would have been 37 to 46 months based on offense level 14, U.S.S.G. § 2K2.1(a)(6), and criminal history category VI.

17. To date, according to information received from the Bureau of Prisons Designation & Sentence Computation Center, Mr. Steiner has served more than 51 months in federal custody, a term exceeding the high end of the guideline range.

18. In light of the foregoing, Mr. Steiner respectfully requests that this Court grant the within unopposed motion for summary action, vacate the judgment, and remand to the district court with instructions to resentence him on an expedited basis. *See generally United States v. Diaz-Morales*, __ F. App'x __, 2016 WL 689628 (11th Cir. November 22, 2016) (where Florida burglary statute was broader than generic burglary of a dwelling and indivisible, and following the Supreme Court

grant of certiorari and remand in light of *Mathis*, the Eleventh Circuit vacated appellant's sentence and remanded to the district court with instructions to resentence appellant on an expedited basis).

19. Undersigned counsel has consulted with Assistant United States Attorney Jane Dattilo, who represents that the government agrees remand for resentencing in light of *Mathis* is appropriate, but does not concede any specific factual or legal arguments at this stage.

WHEREFORE, undersigned counsel respectfully requests that this Court grant the within unopposed motion for summary action, vacate the judgment, and remand to the district court with instructions to resentence Mr. Steiner on an expedited basis. Alternatively, counsel requests leave to file supplemental briefing addressing the impact of *Mathis* on this case.

                              Respectfully submitted

                              *s/ Renee Pietropaolo*
                              Renee Pietropaolo
                              Assistant Federal Public Defender
                              Attorney for Thomas Steiner

# CERTIFICATE OF SERVICE

I hereby certify that the following is a filing user and will be served electronically by the Notice of Docketing Activity:

Jane Dattilo
Assistant United States Attorney
4000 Joseph F. Weis, Jr, U.S. Courthouse
700 Grant Street
Pittsburgh, Pennsylvania 15219
Jane.Dattilo@usdoj.gov

*/s/ Renee Pietropaolo*
Renee Pietropaolo
Assistant Federal Public Defender

Date:   December 30, 2016